(No. 3735— )

CHARLES WILCOX, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

WAYNE C. TOWNLEY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

FISHER, J.

Claimant filed his complaint on July 28, 1942, claiming Forty-two Dollars ($42.00) additional compensation for temporary total disability. The record consists of the complaint and a report by the Division of Highways of the State of Illinois.

Claimant was injured on November 3, 1941, while employed by the State of Illinois as a truck helper on State Route No. 150, and, from the record, this court is of the opinion that he was injured during the course of and out of his employment and that this court has jurisdiction of the matter.

The only point in controversy is the amount due claimant for temporary total disability. The attending physician certified that he was able to resume work on January 10, 1942, so that claimant is entitled to compensation for the period commencing November 4, 1941, and expiring January 9, 1942, a period of nine and four-sevenths (9 4/7) weeks. The report of the Division of Highways states that claimant was paid at the rate of $.85 an hour, and that employees engaged in the same capacity in which claimant was engaged worked eight (8) hours a day and worked less than two hundred (200) days a year. Claimant would, therefore, come under Subsection (e) of Section (10) of the Workmen's Compensation Act, which would give him an average weekly wage of Twenty-six and 15/100 Dollars ($26.15). This would entitle him to Thirteen and 08/100 Dollars ($13.08) weekly, to which must be added ten per cent (10%) under Paragraph (1) of Subsection (j) of Section (8) for the reason that claimant had two (2) children under the age of sixteen (16) years. This makes a weekly compensation due him of Fourteen and 39/100 Dollars ($14.39), to which must be added another ten per cent (10%) under Subsection (1) of Section (8), so that claimant would be entitled to a weekly compensation of Fifteen and 83/100 Dollars ($15.83) for a period of nine and four-seventh weeks. He would, accordingly, be entitled to the sum of One Hundred Fifty-one and 51/100 Dollars ($151.51). As he has already been paid the sum of One Hundred Eighteen and 11/100 Dollars ($118.11), there would still be due to claimant the sum

of Thirty-three and 40/100 Dollars ($33.40) for temporary total disability. The medical and hospital bills have been paid for by respondent.

Award is, therefore, entered in favor of claimant for the said sum of Thirty-three and 40/100 Dollars ($33.40), all of which is accrued and is payable forthwith.

This award being subject to the provisions of an Act entitled "An Act Making an Appropriation to Pay Compensation Claims of State Employees and Providing for the Method of Payment Thereof," approved June 30, 1941, and being by the terms of such Act, subject to the approval of the Governor, is hereby, if and when approval is given, made payable from the appropriation from Road Fund in the manner provided for in such Act.